a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DWAYNE A. WILLIAMS, Plaintiff | CIVIL ACTION NO. 1:16-CV-0970-P |
| VERSUS | JUDGE TRIMBLE |
| VICTOR JONES, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma papueris* by pro se Plaintiff Dwayne A. Williams ("Williams") (#387854). Williams is a pre-trial detainee incarcerated at the Natchitoches Parish Detention Center ("NPDC") in Natchitoches, Louisiana. Williams complains that he is being denied medical care in violation of the constitution, and he seeks monetary damages as well as injunctive relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  **Background**

Williams alleges that he has been suffering from severe hemorrhoids since October 2015, and he is being denied medical care at NPDC. Williams states that he requested medical treatment on October 19, 2015, April 19, 2016, and other unknown

dates. His requests were ignored. (Doc. 9, p. 1). Williams complains that he suffers from rectal bleeding and is in constant pain. (Doc. 1, pp. 3, 7).

Williams initially named Sheriff Victor Jones as the sole defendant. (Doc. 1, p. 3). In his two amended complaints, Williams alleges that Dr. Otis Barnum, Nurse Willie Mae Clark, Nurse Rivers, and Nurse Thompson are the individuals that ignored his requests for medical treatment and continue to deprive him of medical care.

II. Law and Analysis

    A. Williams's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Williams is an inmate proceeding *in forma pauperis*. (Doc. 9). As a prisoner seeking redress from an officer or employee of a governmental entity, Williams's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Williams's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis

in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Williams fails to state a claim against Sheriff Victor Jones.

Williams originally named Sheriff Victor Jones as the sole defendant, but he states no allegations involving Sheriff Jones. Williams alleges that the medical department at NPDC ignored his requests for medical care. (Doc. 1, p. 3). In his amended complaints, Williams specifies that the individuals that deprived him of medical care are Dr. Barnum and Nurses Clark, Rivers, and Thompson. (Docs. 6, 9). Sheriff Jones was omitted from the amended complaints.

Under § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. See Thompkins v. Belt, 828 F.2d 298, 300 (5th Cir. 1987) (citations omitted). However, a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See id. Because there are no allegations involving Sheriff Jones, and because Sheriff Jones cannot be held vicariously liable for the actions of the medical department employees, Williams's claim against him should be dismissed.

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Williams's claim against Sheriff Jones be DENIED and DISMISSED with prejudice pursuant to §§ 1915(e)(2)(B) and 1915A. The claims will be served on the remaining defendants pursuant to a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __7th__ day of November, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge